WO

MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Francisco Corral,

           Petitioner,

v.

Chris Howard, et al.,

           Respondents.

No. CV-20-00955-PHX-MTL (MTM)

**ORDER**

Petitioner Francisco Corral (A# 028-717-956), who is detained in the CoreCivic La Palma Correctional Center, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1).

**I.   Background**

Petitioner is a native and citizen of Mexico. On October 17, 2019, he sought admission into the United States at the port of entry in Nogales, Arizona, and was subsequently taken into custody by the United States Department of Homeland Security ("DHS") and detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona. (Doc. 2-4 at 4-22.) Petitioner expressed a fear of persecution or torture if returned to Mexico and was referred for a credible fear determination. (*Id.*) Following an interview, an asylum officer found Petitioner had established a credible fear of persecution or torture if removed to Mexico, and Petitioner was referred for removal proceedings before an Immigration Judge. (*Id.*) On March 3, 2020, the Immigration Judge ordered Petitioner removed from the United States and denied his applications for relief. (*Id.* at 34-35.)

Petitioner appealed the decision to the Board of Immigration Appeals, which remains currently pending. (*Id.* at 36-41.)

Petitioner suffers from diabetes, which he states places him at a higher risk of severe illness should he contract COVID-19. On April 24, 2020, he submitted a request to United States Immigration and Customs Enforcement ("ICE") seeking his release from custody on humanitarian parole due to the potential health risks associated with the spread of COVID-19 in his detention facility. (Doc. 2-4 at 53-55.) Petitioner has not yet received a response to his request.

**II.     Petition**

In his Petition, Petitioner names La Palma Correctional Center Warden Chris Howard, Acting ICE Phoenix Field Office Director Albert Carter, ICE Phoenix Field Office Assistant Director Cesar Topete, ICE Phoenix Field Office Assistant Director Jason Ciliberti, Acting DHS Secretary Chad Wolf, and United States Attorney General William Barr as Respondents. Petitioner brings four grounds for relief.

In Ground One, Petitioner claims that his continued detention violates the Due Process Clause of the Fifth Amendment because Respondents have affirmatively placed him in danger by detaining him in conditions that risk his exposure to COVID-19 and have acted with deliberate indifference to that known and obvious danger.

In Ground Two, Petitioner claims that his continued detention violates the Due Process Clause of the Fifth Amendment because Respondents, who have a "special relationship" with Petitioner that requires Respondents to provide him with reasonable medical care and safety, have detained Petitioner in conditions that put him at substantial risk of exposure to COVID-19 and suffering serious harm.

In Ground Three, Petitioner claims that his continued detention violates the Due Process Clause of the Fifth Amendment because the conditions under which he is detained amount to punishment.

In Ground Four, Petitioner claims that his prolonged detention without a custody redetermination hearing before an immigration judge violates his rights under the Due

Process Clause of the Fifth Amendment.

Petitioner asks the Court to: (1) issue a writ of habeas corpus ordering his immediate release from detention or, in the alternative, issue an injunctive order immediately enjoining Respondents from detaining him; (2) alternatively, order his release from DHS custody unless Respondents schedule a hearing before an immigration judge where, to continue his detention, the government must establish by clear and convincing evidence that Petitioner presents a risk of flight or danger, taking into account available alternatives to detention; (3) declare that his continued detention violates the Due Process Clause; (4) award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and (5) grant any other and further relief that the Court deems just and proper.

### III.    Severance and Answer

Grounds One through Three of the Petition, which challenge Petitioner's continued detention due to potential health risks associated with COVID-19, require briefing on an accelerated track and are distinct from, and independent of, Ground Four of the Petition, which challenges Petitioner's prolonged detention without a custody redetermination hearing before an Immigration Judge. As a matter of administrative efficiency, the Court will sever Ground Four of the Petition and will instruct the Clerk of Court to open a new separate action for the adjudication of that claim.

Accordingly, the Court will require Respondents Howard, Carter, Topete, Ciliberti, Wolf, and Barr to file an answer in this action to Grounds One through Three of the Petition.

**IT IS ORDERED:**

(1)    This case is **severed** into two individual actions, one for Grounds One through Three of the Petition (this action), and one for Ground Four of the Petition.

(2)    The Clerk of Court must **open a new action** and file a copy of the Petition (Doc. 1), the Declaration and supporting exhibits (Doc. 2), and this Order in the new case.

(3)    The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Declaratory and

Injunctive Relief, (3) the Declaration and supporting exhibits (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Declaration, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Howard, Carter, Topete, Ciliberti, Wolf, and Barr pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondents Howard, Carter, Topete, Ciliberti, Wolf, and Barr shall have **14 days** from the filing date of this Order to answer **Grounds One through Three** of the Petition.  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(5) Petitioner shall have **7 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(6) Petitioner must immediately file a "Notice of Change in Status" if there is any material change in Petitioner's immigration or custody status.  Any request for relief must be made by separate motion and may not be included in the Notice.

(7) The Clerk of Court shall **email** a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Peter M. Lantka at peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov.

Dated this 3rd day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge